IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DERRICK TOOMER,
   Petitioner

v.                                       CIVIL ACTION NO. DKC-11-1913

STATE OF MARYLAND, et al.,
   Respondents

## MEMORANDUM OPINION

Petitioner Derrick Toomer, a pretrial detainee confined at the Western Correctional Institution in Cumberland, Maryland, filed the instant "Writ of Habeas Corpus Emergency Request" which was construed a Petition filed pursuant to 28 U.S.C. § 2254. Petitioner has filed a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) which shall be granted.

Petitioner maintains that since the conclusion of his first trial, evidence material to his case has been lost by the State. He also alleges that witnesses were improperly assisted in identifying him. ECF No. 1. If construed as a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C §2254, the Petition is premature. Under *Rose v. Lundy*, 455 U.S. 509, 518 (1982), before a petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b) and (c). This may be accomplished by proceeding either on direct appeal and/or in a post-conviction petition.

Given that Petitioner has not yet been retried, Petitioner has not yet exhausted all of his available state court remedies. Since Petitioner's claims have not yet been exhausted in the state courts, this Petition for habeas corpus relief shall be dismissed without prejudice in order to allow Petitioner to continue to pursue his state court remedies. Both comity and judicial efficiency make it

appropriate for this court to insist on complete exhaustion before it addresses the issues raised by the Petitioner. *See Granberry v. Greer*, 481 U.S. 129, 135 (1987).

To the extent Petitioner seeks this court's immediate intervention in his state court criminal proceedings, the court declines to act. Federal courts do not interfere in ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances not shown here. *See Younger v. Harris,* 401 U.S. 37, 41 (1971); *Gilliam v. Foster*, 75 F. 3d 881, 903 (4th Cir. 1996); *Cinema Blue of Charlotte, Inc., v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989) (district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims have been or could have been presented in an ongoing state judicial proceeding). This rule requires abstention when: i) state proceedings, judicial in nature, are pending; ii) the state proceedings involve important state interests; and iii) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Commission v. Garden State Bar Association,* 457 U.S. 423, 432 (1982). Federal injunctive relief may not be used to test the validity of an arrest or the admissibility of evidence in a state proceeding. *See Perez v. Ledesma*, 401 U.S. 82, 83085 (1971).      Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Petitioner does not satisfy this standard, and the court declines to issue a certificate of

appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

    A separate Order follows.

Date:   July 26, 2011                         /s/
                                          DEBORAH K. CHASANOW
                                          United States District Judge